IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CHARLES E. LUSK | § | |
| v. | § | CIVIL ACTION NO. 5:04cv152 |
| KEVIN ATKINSON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Charles Lusk, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Lusk complained that on February 24, 2004, Officer Atkinson used excessive force on him, and then wrote a false disciplinary case against him.  He says that Michelle Gunter, a counsel substitute who represented him in the disciplinary case, did not interview witnesses and made false statements for entry into the record.

On January 5, 2006, the Magistrate Judge issued a Report recommending that Gunter be dismissed because as a counsel substitute, she is not a state actor and is not amenable to suit under Section 1983.  Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995).  Lusk received this Report on January 9, 2006, but filed no objections thereto.  The Magistrate Judge also ordered Atkinson to answer the lawsuit.

On February 9, 2006, Atkinson filed a motion to dismiss for failure to state a claim. This motion asserts that Lusk cannot challenge his disciplinary case through a Section 1983 lawsuit

1

until that conviction has been overturned or set aside, but must proceed on that claim first through habeas corpus. With respect to the use of force claim, Atkinson says that Lusk did not exhaust his administrative remedies, as required by 42 U.S.C. §1997e.

Lusk filed a response to the motion to dismiss on March 16, 2006. In this response, Lusk says that he has stated a claim because false disciplinary cases, the denial of the right to call witnesses, violations of the time restraints on pre-hearing detention, assault by guards, and the denial of a mattress are all matters protected by the Constitution. He says that individuals injured by state actions violating constitutional law may sue and obtain injunctive or declaratory relief, and that challenges to the conditions of confinement under Section 1983 may proceed without any requirement of exhaustion of state judicial remedies. Consequently, Lusk says that there exist genuine issues of material fact, requiring a jury trial.

On June 16, 2006, the Magistrate Judge issued a Report recommending that the motion to dismiss be granted and that the lawsuit be dismissed. The Magistrate Judge observed that to the extent that Lusk challenged the disciplinary case, the claim is barred because Lusk does not show that the disciplinary case has been reversed, expunged, or otherwise declared invalid. Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998). The Magistrate Judge further noted that Atkinson alleged that Lusk had failed to exhaust his administrative remedies on the use of force, and that Lusk did not controvert this assertion, even in his response to the motion to dismiss; instead, Lusk appeared to argue that exhaustion was not required and that his lawsuit was properly filed in federal court. The Magistrate Judge therefore recommended that Lusk's lawsuit be dismissed without prejudice to Lusk's right to refile his claims regarding the disciplinary case, at such time as he can show that the case was overturned, set aside, or otherwise declared invalid, and without prejudice to his right to challenge this disciplinary case by any lawful means. The Magistrate Judge further recommended that Lusk's use of force claim be dismissed with prejudice for purposes of proceeding *in forma pauperis*.

Lusk received a copy of the Magistrate Judge's Report on June 21, 2006, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings and documents in this case, as well as the Reports of the Magistrate Judge dated January 5, 2006, and June 16, 2006. Upon such review, the Court has concluded that the Reports of the Magistrate Judge are correct. It is accordingly

ORDERED that the Reports of the Magistrate Judge are hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendant's motion to dismiss, filed February 9, 2006, is hereby GRANTED and that the above-styled civil action is hereby DISMISSED without prejudice to Lusk's right to refile his claims regarding the disciplinary case, at such time as he can show that the case was overturned, set aside, or otherwise declared invalid, and without prejudice to his right to challenge this disciplinary case by any lawful means. It is further

ORDERED that Lusk's use of force claim is hereby DISMISSED with prejudice for purposes of proceeding *in forma pauperis*, because of the failure to exhaust administrative remedies. It is further

ORDERED that Lusk's claims against Michelle Gunter are hereby DISMISSED with prejudice as frivolous. It is further

ORDERED that this dismissal shall count as a strike for purposes of 28 U.S.C. §1915(g). *See* Patton v. Jefferson Correctional Center, 136 F.3d 458, 463 (5th Cir. 1998). Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 14th day of August, 2006.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE